U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAN 2 7 2017

LAWRENCE K. BAERMAN, CLERK
ALBANY

Civil Case No. 5:17-cv-92

UNITED STATES OF AMERICA and the
STATE OF NEW YORK *ex rel.*
COLIN VALENTA and
COLIN VALENTA, Individually,

Plaintiffs,

v.

DOUGHERTY PHARMACY, INC. and
JENNIFER CALOIA,

Defendants.

**COMPLAINT PURSUANT** *(BKs/ATB)*
**TO 31 U.S.C. §§ 3729-3732**
**FALSE CLAIMS ACT**

**FILED UNDER SEAL**
**PURSUANT TO**
**31 U.S.C. § 3730(b)(2)**

**DO NOT ENTER ON**
**PACER**

**JURY DEMAND**

## PLAINTIFF-RELATOR'S ORIGINAL COMPLAINT PURSUANT TO 31 U.S.C. §§ 3729-3732 - FEDERAL FALSE CLAIMS ACT & NEW YORK STATE FINANCE LAW §§ 187-194

The United States of America and the State of New York, by and through *qui tam* relator,

Colin Valenta, brings this action under the federal False Claims Act ("FCA"), 31 U.S.C. §§

3729-3732 and the New York State False Claims Act ("NYSFCA"), New York State Finance

Law §§ 187-194, to recover all damages, penalties, and other remedies established by the FCA

and NYSFCA, and other monetary relief under the common law or equitable theories of unjust

enrichment, fraud, and payment under mistake of fact, on behalf of the United States of America

and the State of New York, and himself, and alleges as follows:

- 1 -

## I.
## NATURE OF THIS ACTION

1.      Since at least 2011, defendants Dougherty Pharmacy, Inc. and Jennifer Caloia

(collectively referred to as "defendants"), have knowingly presented false claims to the United

States of America ("United States") and the State of New York ("New York").

2.      Defendants have engaged in illegal conduct which includes falsely billing federal

and New York State health care benefit programs, including Medicare and Medicaid, as well as

other insurers, for prescription medications that were not dispensed to pharmacy customers.

3.      Defendant Jennifer Caloia ("Caloia") controlled and/or managed the

instrumentalities of the illegal conduct as owner and head pharmacist of Dougherty Pharmacy,

Inc.

4.      Defendants knowingly caused the submission of false claims for payment in

violation of the FCA, 31 U.S.C. §§ 3729 et seq. and New York State Finance Law §§ 187-194 by

their actual knowledge, deliberate ignorance, and/or reckless disregard of federal and New York

State regulations and Medicare and Medicaid requirements, mandating the billing guidelines for

pharmaceutical drugs, including controlled substances.

5.      Defendants' knowledge of the submission of these false claims has caused the

United States and State of New York to sustain a direct loss of funds and damages to their

interest in the form of Medicare and Medicaid reimbursement.

6.      The FCA prohibits knowingly presenting, or causing to be presented to the federal

government a false or fraudulent claim for payment or approval.  31 U.S.C. § 3729(a).

Additionally, the FCA prohibits knowingly making or using, or causing to be made or used, a

false record or statement that is material to a false or fraudulent claim, or material to an

obligation to pay or transmit money or property to the United States government.  It further

prohibits knowingly concealing or improperly avoiding or decreasing an obligation to pay or transmit money or property to the federal government. 31 U.S.C. §§ 3729(a)(1)(B), 3729(a)(1)(G). Any person who violates the FCA is liable for a civil penalty up to $21,563 for each violation, plus three times the loss sustained by the United States. 31 U.S.C. § 3729(a).

7.     The FCA defines "knowingly" as having actual knowledge that the information is false, or acting with a deliberate ignorance of, or reckless disregard of, the truth or falsity of the information. 31 U.S.C. § 3729(b).

8.     The statute allows any person having information about a FCA violation to bring an action on behalf of the United States and to share in any recovery obtained. The FCA requires that the complaint be filed under seal for a minimum of sixty days (without service on defendants during that time) to allow the government time to conduct its own investigation and determine whether to join the suit.

9.     Based on the FCA, *qui tam* plaintiff-relator Colin Valenta ("plaintiff-relator") seeks to recover all available damages, civil penalties, and other relief for the federal and state violations alleged.

## II.
## PARTIES

10.     Colin Valenta, brings this *qui tam* action as plaintiff-relator on behalf of the United States of America and New York State and individually. Plaintff-relator is the current owner of a retail pharmacy store that was previously owned and operated by defendants.

11.     Defendant Dougherty Pharmacy, Inc. ("Dougherty") was the business entity that was owned and operated by defendant Jennifer Caloia and was authorized to dispense drugs to customers receiving federal Medicare and New York State Medicaid benefits. Dougherty was/is a domestic business corporation organized under the laws of the State of New York and

- 3 -

previously maintained a retail pharmacy store located in the Village of Morrisville, County of Madison, State of New York.

12.    Defendant Jennifer Caloia is a licensed and registered pharmacist in the State of New York. She was the former owner and chief executive officer of Dougherty and was the head pharmacist of the store.

### III.
### JURISDICTION AND VENUE

13.    Jurisdiction and venue are proper in this Court for the following reasons:

a.    Jurisdiction for this Court exists pursuant to the FCA (31 U.S.C. § 3730(b)(1) and 31 U.S.C. § 3732(a)) because plaintiff-relator's claims seek remedies on behalf of the United States for defendants' multiple violations of 31 U.S.C. § 3729, and because one or more defendants transact business within the Northern District of New York.

b.    Venue exists in the United States District Court for the Northern District of New York pursuant to 31 U.S.C. § 3730(b)(1) because one or more defendants are/were qualified to do business and conducts business within the State of New York and within this District.

14.    Under 31 U.S.C. § 3730(e), there has been no public disclosure of the "allegations or transactions" in this Complaint. To the extent there has been any such disclosure, plaintiff-relator is the "original source" pursuant to 31 U.S.C. § 3730(e)(4).

15.    Prior to the filing of this Complaint, the plaintiff-relator has voluntarily disclosed to the government the information on which the allegations or transactions in this claim are based, within the meaning of 31 U.S.C. § 3730(e)(4)(B).

- 4 -

## IV.
## FACTS

16.     Plaintiff-relator is a licensed and registered pharmacist and is the current owner and head pharmacist at CMV Pharmacy, Inc. d/b/a Dougherty Pharmacy. Plaintiff-relator has been a licensed and registered pharmacist since June 30, 2011.

22.     Plaintiff-relator worked at Dougherty under the direction and supervision of Caloia on a per diem basis between approximately 2014 and 2015, before ultimately purchasing the goodwill, customer base, property, and inventory from Dougherty and/or Caloia in June 2015. The pharmacy store now operates as CMV Pharmacy Inc. d/b/a Dougherty Pharmacy.

23.     While working as a pharmacist at Dougherty between 2014 and 2015, plaintiff-relator reported to Caloia and filled prescriptions, dispensed prescription drugs, and answered customer questions.

24.     Plaintiff-relator is familiar with the relevant Medicare and Medicaid rules, federal regulations, and New York State rules and regulations, for billing and dispensing pharmaceutical drugs, including controlled substances.

**Plaintiff-Relator's Investigation and Discovery of False Billings by Caloia and Dougherty**

25.     When plaintiff-relator first began working at Dougherty in early 2014, he was indirectly instructed by Caloia to bill customers' insurers for more expensive drugs, while dispensing a less costly generic or different formulation of the same or similar drug.

26.     This initially occurred when plaintiff-relator was filling a customer prescription for hydrocodone 5/325 mg strength. Within the defendants' "Pharmaserv" management software, the hydrocodone 5/325 drug item was entered with a manual annotation of "***". Plaintiff-relator was directed by Caloia to bill under the annotated item that was preloaded with

- 5 -

National Drug Code ("NDC") 64376-0648-01. Caloia explained that this was how her store billed for this drug.

27.     Suspicious of this conduct, plaintiff relator researched the NDC for the drug item that was set up to bill under and determined that it was the NDC for bill for hydrocodone 5/300 mg, instead of the hydrocodone 5/325 mg strength that was prescribed by the customer's physician and actually dispensed at Dougherty to the customer.

28.     The NDC is a unique, three-segmented numeric identifier that is assigned to medications listed within the United States Federal Drug and Cosmetic Act and is utilized by Medicare, Medicaid, and other insurers for billing purposes.

29.     The Drug Enforcement Agency of the United States lists hydrocodone as a Schedule II controlled substance. Hydrocodone 5/300 mg is billed to insurers, including Medicare and Medicaid, at a rate of approximately $115.00 for 100 pills, while hydrocodone 5/325 is billed at a rate of approximately $10.00 for 100 pills.

30.     Based upon the relator-plaintiff's investigation, hydrocodone 5/300 mg was improperly billed approximately 228 times in 2014, when hydrocodone 5/325 was dispensed. Plaintiff-relator never observed any inventory of hydrocodone 5/300 mg in the store during this time period.

31.     While plaintiff-relator worked at Dougherty between 2014 and 2015, he discovered and observed dozens of other drugs and supplies that were improperly billing at the direction and control of defendants. In addition to the false billings for hydrocodone 5/300 mg, plaintiff-relator identified numerous false billings involving: hydrocodone 10/300 mg; Vancocin; Doxycycline EC; Prevacid; Amoxicillin; Epinephrine injections; Nexium/Esomeprazole strontium; Nasacort; Potassium capsules; and Medicaid diapers, among many others. For these

- 6 -

drugs and supplies, defendants similarly billed customers, and Medicare and Medicaid, in turn, for more expensive formulation than what was dispensed, or in some situations, would bill for a higher quantity or size than what was actually dispensed.

32.     Plaintiff-relator also observed defendants dispensing lower cost Medicare test strips (for diabetes customers) to non-Medicare customers, while still billing the customers' private insurers. The Medicare test strips are government-subsidized medical supplies to test blood sugar levels and can be purchased at a lower cost to pharmacies to be dispensed to Medicare customers only.  Defendants would sell the Medicare test strips to customers with private insurers and claim full reimbursement, causing loss to the federal government.

33.     Defendants falsely billed insurers for coupon cards for Epi-pen (epinephrine), Symbicort, and Auvi-Q by submitting for full reimbursement of the coupons and separately billing the customers' insurance for reimbursement.  In these instances, Caloia would falsely create separate prescriptions in Pharmaserv to obtain reimbursement that defendants were not entitled to.

34.     Defendants routinely billed federal and state government programs for prescriptions drugs that were not actually dispensed, were dispensed under a less costly formulation, or were not dispensed in the amount that was billed.

35.     At times, Caloia would rewrite customer paper prescriptions to create the appearance that the prescriptions were received as phone-ins for a more expensive formulation by the customers' physicians.  By fraudulently altering the prescriptions, defendants were able to obtain higher reimbursement for the drugs by federal and New York State government programs.

36.     Defendants had actual knowledge, reckless disregard, and/or deliberate ignorance that they were falsely submitting claims for reimbursement to Medicare and Medicaid for

- 7 -

prescription drugs and supplies that were never dispensed and therefore caused substantial monetary to loss to the United States and State of New York.

## Federal False Claims Act

37.     This is an action to recover damages for civil penalties on behalf of the United States and plaintiff-relator Colin Valenta arising from the false statements and claims made by each defendant in violation of the FCA, 31 U.S.C. §§ 3729-3732.

38.     The FCA provides that any person who knowingly submits or causes to be submitted to the United States for payment or approval of a false or fraudulent claim is liable to the government for a civil penalty of not less than $10,781 and not more than $21,563 for each such claim, plus three (3) times the amount of damages sustained by the government because of the false claims. The FCA further prohibits a person who knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the government.

39.     The FCA allows any persons having knowledge of a false or fraudulent claim against the government to bring an action in federal district court for himself and for the United States Government and to share in any recovery as authorized by 31 U.S.C. § 3730.  Plaintiff-relator Colin Valenta claims entitlement to a portion of any recovery obtained by the United States as *qui tam* relator in this action.

40.     Based on these provisions, Colin Valenta on behalf of the United States government seeks through this action to recover damages for civil penalties arising from defendants' submission of false claims for payment or approval.

41.     In this case, such claims were submitted for payment by defendants for Medicare and/or Medicaid reimbursement, although the reimbursement claims were for drugs that were never dispensed to customers.

42.     Defendants have actual knowledge, acted with deliberate ignorance, and/or acted with reckless disregard of the federal regulations, Medicare rules, Medicaid rules, and/or New York State regulations governing billing of pharmaceutical drugs and supplies, and thereby have overcharged the United States Government by receiving erroneous Medicare and Medicaid reimbursement payments.

43.     The knowing submissions of Medicare and Medicaid claims for pharmaceutical drugs and supplies that were not dispensed has allowed defendants to receive significant sums of monies in the form of unwarranted Medicare and Medicaid reimbursement.

44.     Plaintiff-relator believes the United States has suffered significant damages as a result of defendants' false claims.  The plaintiff-relator believes that these damages may potentially be in excess of hundreds of thousands of dollars.

45.     As required under the FCA, plaintiff-relator has provided the Attorney General of the United States and the United States Attorney for the Northern District of New York a statement of all material evidence and information related to this Complaint.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### *Federal False Claims 31 U.S.C. § 3729*

46.     Plaintiff-relator realleges and hereby incorporates by reference each and every allegation contained in this Complaint.

- 9 -

47.     Based on the acts described above, each defendant knowingly violated one or more of the following:

      a.     knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval to the United States government;

      b.     knowingly makes, uses, or causes to be used, a false record or statement to get a false or fraudulent claim paid or approved by the government;

      c.     conspires to defraud the government by getting a false or fraudulent claim allowed or paid;

      d.     knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the government.

48.     The United States government, unaware of the falsity of these claims, records, and/or statements made by each defendant and in reliance of the accuracy thereof, paid defendants for the claims.

49.     Due to the conduct of each defendant, the United States government has suffered substantial monetary damages.

**SECOND CAUSE OF ACTION**
*New York False Claims Act*
*New York State Finance Law §§ 187-194*

50.     Plaintiff-relator realleges and hereby incorporates by reference each and every allegation contained in this Complaint.

51.     Based on the acts above, each defendant knowingly violated one or more of the following:

   a.  knowingly presents, or causes to be presented a false or fraudulent claim for payment or approval;

   b.  knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

   c.  conspires to commit a violation of New York State Finance Law §§ 189(1) (a), (b), (d), (e), (f), or (g);

   d.  has possession, custody, or control of property or money used or to be used, by the state or a local government and knowingly delivers, or causes to be delivered, less than all of the money or property;

   e.  is authorized to make or deliver a document certifying receipt of property used, or to be used, by the state or a local government and intending to defraud the state or a local government, makes or delivers the receipt without completely knowing that the information on the receipt is true;

   f.  knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the state or a local government knowing that the officer or employee violates a provision of law when selling or pledging such property; or

   g.  knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state or a local government.

  52.  Due to the conduct of each defendant, the State of New York has suffered substantial monetary damages.

## THIRD CAUSE OF ACTION
### *Unjust Enrichment*

53.     Plaintiff-relator realleges and hereby incorporates by reference each and every allegation contained in this Complaint.

54.     As a consequence to the acts described above, defendants were unjustly enriched at the expense of the United States and New York State governments in an amount that will be determined which, under the circumstances, in equity and good conscience, should be returned to the United States and New York.  Plaintiff-relator claims the recovery of all monies by which the defendants have been unjustly enriched.

## FOURTH CAUSE OF ACTION
### *Common Law Fraud*

55.     Plaintiff-relator realleges and hereby incorporates by reference each and every allegation contained in this Complaint.

56.     Based on the acts described above, defendants submitted Medicare and Medicaid reimbursement claims for prescription drugs and/or supplies that were never dispensed to customers.   Defendants knew that drugs were being improperly billed based upon their manipulation of the Pharmaserv management software, rewriting of prescriptions to make them appear as though they were telephoned prescriptions by physicians, known as "phone-ins", among other things.

57.     These misrepresentations were material.  Defendants' false representations that the drugs and supplies billed for were actually dispensed were requirements for payment or reimbursement by Medicare and Medicaid.

58.     Defendants knew that the United States and New York would rely, and intended the United States and New York to rely, on these false representations.

59.     The United States and New York justifiably relied upon the false representations submitted or caused to be submitted by the defendants.

60.     By reason of the defendants' fraud, the United States and New York suffered damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### *Payment Under Mistake of Fact*

61.     Plaintiff-relator realleges and hereby incorporates by reference each and every allegation contained in this Complaint.

62.     Defendants received monies from the United States and New York that were wrongfully, erroneously, or mistakenly paid to them. Payments were made to the defendants on the claims identified in this complaint, which claims violated Medicare and Medicaid reimbursement policies, New York State regulations, and such payments were not authorized by law. The Medicare program, via the federal government, and the Medicaid Program, via the federal and New York State government, made these payments as a result of the false information that the defendants submitted or caused to be submitted in their claims for reimbursement.

63.     Defendants either directly received the monies wrongfully, erroneously, or mistakenly, paid by the United States and State of New York, or participated in the wrongful conduct identified in this Complaint and benefitted from the monies wrongfully, erroneously, or mistakenly paid by the United States and New York.

64.     As a result of the wrongful, erroneous, or mistaken payments, the United States and State of New York was substantially harmed in an amount to be determined at trial.

## VI.
## RESPONDEAT SUPERIOR/AGENCY

65.     All acts complained of were committed by persons acting under defendants' employment, and/or actual and/or implied and/or apparent agency and authority.

## VII.
## JOINT AND SEVERAL LIABILITY

66.     The tortious conduct of the defendants combined to cause indivisible injuries to the United States and State of New York and thus defendants are jointly and severally liable for the damages.

## PRAYER FOR RELIEF

67.     **WHEREFORE**, Plaintiffs, United States of America and the State of New York *ex rel.* relator Colin Valenta and Colin Valenta, individually, pray that judgment be entered against defendants, and each of them jointly and severally, for damages and otherwise as follows:

a.     In an amount, presently indeterminable for violation of 31 U.S.C. §§ 3729(a)(1), (2) and (3) and New York State Finance Law §§ 189(1)(a) through (1)(g); and that such sum be duly trebled, in addition to a fine of not less than $10,781 per violation and not more than $21,563, together with prejudgment interest, attorneys' fees and costs;

b.     Plaintiff-relator prays for 30% of the proceeds of this action, pursuant to 31 U.S.C. § 3730(d) and New York State Finance Law § 190(6); reimbursement of the expenses which plaintiffs incurred in connection with this action award of reasonable attorneys' fees; and the  costs and disbursements associated with this action.

**WHEREFORE**, Plaintiffs United States and the State of New York *ex rel.* Relator Colin Valenta, and Colin Valenta individually, pray that judgment be entered against defendants, and each of them jointly and severally, for damages and otherwise and in addition, plaintiffs pray for such further and additional relief at law or in equity that this Court may deem appropriate or proper.

**JURY DEMAND**

Plaintiff-relator demands a trial by jury on all issues so triable.

Dated: January **27**, 2017
      Albany, New York
 

                                          Respectfully submitted,

                                          **DREYER BOYAJIAN LLP**

By: _____
                                      LAUREN SANG-HEE OWENS
                                      Bar Roll No. 517391
                                        BENJAMIN W. HILL
                                        Bar Roll No. 514953
                                        Attorneys for Plaintiff-Relator,
                                        Colin Valenta
                                        75 Columbia Street
                                        Albany, New York 12210
                                        Phone No.: (518) 463-7784


                                        **BLITMAN & KING LLP**

By: /s/ *Brian J. LaClair (with permission)*
                                      BRIAN J. LaCLAIR
                                      Bar Roll No. 515995
                                        Attorneys for Plaintiff-Relator,
                                        Colin Valenta
                                        75 Columbia Street
                                        Albany, New York 12210
                                        Phone No.: (518) 463-7784