UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA and the
STATE OF NEW YORK, *ex rel.,*
COLIN VALENTA and
COLIN VALENTA, Individually,

**Civil Case No. 6:17cv-92**

Plaintiffs,

**FILED UNDER SEAL
PURUSANT TO 31
U.S.C. § 3730(b)(2)**

v.

**DO NOT ENTER ON
PACER**

DOUGHERTY PHARMACY, INC., and
JENNIFER CALOIA,

Defendants.

---

## STATE SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter the "Agreement") is entered into by and between the State of New York (hereinafter, the "State"), acting through the New York State Office of the Attorney General, Medicaid Fraud Control Unit (hereinafter, "MFCU"); Colin Valenta (hereinafter, the "Relator"); and Dougherty Pharmacy, Inc. and Jennifer Caloia ("Caloia"), (together, "Dougherty Pharmacy"), through their authorized representatives. The State, Relator, and Dougherty Pharmacy are hereafter collectively referred to herein as "the Parties",

## I.  RECITALS

A.  At all relevant times, Dougherty Pharmacy was a medical provider with a principal place of business at 14 East Main Street in the Town of Morrisville, County of Madison, State of New York, and was enrolled in the New York State Medical Assistance Program (the "Medicaid Program"), under MMIS Provider No. 01547662, as a provider of pharmaceutical services authorized to dispense drugs.  Caloia is a licensed pharmacist and owned and operated Dougherty Pharmacy, Inc.

B.  On January 27, 2017, Relator filed a *qui tam* action in the United States District Court for the Northern District of New York, captioned, *United States of America and the State of New York, ex rel., Colin Valenta v. Dougherty Pharmacy, Inc., and Jennifer Caloia*, Case No. 6:17-cv-92, pursuant to the *qui tam* provisions of the Federal False Claims Act, 31 U.S.C. § 3703(b) and the New York State False Claims Act, State Finance Law Article 13 §§ 187-194 (hereinafter the "Civil Action").  Relator alleges, among other things, that Dougherty Pharmacy falsely billed the Medicare Program, the Medicaid Program, and Tricare, for higher reimbursing drugs than were dispensed and that Dougherty Pharmacy modified its pharmacy label-generating software to conceal the fraud.  On August 27, 2020, the United States and the State of New York intervened in part and declined to intervene in part in the Civil Action.

C.  During the period covered by this agreement, Dougherty Pharmacy submitted or caused to be submitted claims for payment to the Medicaid Program, under 42 U.S.C. § 1395-1396v, and to various Medicaid Managed Care entities (collectively referred to herein as the "Government Payors"), which relied upon such claims to pay Dougherty Pharmacy.

D.  On September 30, 2020, Dougherty Pharmacy entered into a separate civil settlement agreement with the United States (the "Federal Settlement Agreement").

E.  Following a limited scope audit-investigation, the State contends that it has certain civil claims against Dougherty Pharmacy under the New York State False Claims Act, State Finance Law §§ 189, *et seq.*; other New York statutes; and the common law, as specified below, for engaging in the following conduct (the "Covered Conduct"):

1.  Between approximately January 1, 2011, through July 30, 2015, Dougherty Pharmacy devised and executed a scheme to defraud private insurers and public healthcare benefit programs, including the Medicaid Program, under 42 U.S.C. Sections 1396-1396w-5, and the other

Government Payors.   The scheme involved submitting false and fraudulent claims for reimbursement for prescription drugs that Dougherty Pharmacy did not dispense.   Specifically, Dougherty Pharmacy dispensed certain prescription medications to customers as prescribed but billed Medicaid and the other Government Payors for more expensive versions of those medications.   In some instances, Dougherty Pharmacy did not possess, and thus could not have dispensed, the more expensive medications that were claimed in the billings submitted to Medicaid and the other Government Payors.

   2.   2.   Dougherty Pharmacy modified the names of certain prescriptions in its pharmacy software, allowing Dougherty Pharmacy to bill for higher cost medications while printing labels for the customers that listed the medications that were actually dispensed.   This allowed customers to receive the prescribed drugs, along with appropriate labels and instructions, without realizing that Dougherty Pharmacy was charging Medicaid and the other Government Payors for more expensive medications.

   F.   Dougherty Pharmacy engaged in the Covered Conduct with the knowledge and intent to submit false claims to the Medicaid Program and other Government Payors.

   G.   Dougherty Pharmacy acknowledges and accepts responsibility for the Covered Conduct.

   H.   Pursuant to 31 U.S.C. § 3730(d), Relator claims entitlement to a share of the proceeds of this Settlement Agreement and to his expenses, attorney fees, and costs,

   I.   Dougherty Pharmacy cooperated with the government throughout its investigation.

## II.  TERMS AND CONDITIONS

NOW, THEREFORE, in reliance upon the representations contained herein and in consideration of the mutual promises, covenants, and obligations set forth in this Agreement, and for good and valuable consideration as stated herein, the Parties agree as follows:

1.  Dougherty Pharmacy agrees to pay to the State and to the United States, collectively, the amount of Ninety-Two Thousand Three Hundred Eight Dollars and Seventy-six Cents ($92,308.76), which shall constitute a debt immediately due and owing to the State and to the United States, subject to the terms of this Agreement.  The debt shall forever be discharged by payments to the State and to the United States under the following terms and conditions:

a.  Dougherty Pharmacy shall pay to the United States the amount of Fifty-Five Thousand One Hundred Ninety-Three Dollars and Thirty-Six Cents ($55,193.36) (the "Federal Settlement Amount").  The Federal Settlement Amount shall be paid pursuant to the terms of the Federal Settlement Agreement.

b.  Dougherty Pharmacy shall pay to the State the amount of Thirty-Seven Thousand One Hundred Fifteen Dollars and Forty Cents ($37,115.40) (the "State Settlement Amount"), to be paid to the account of the New York State Department of Law, Medicaid Fraud Control Unit, by electronic funds transfer, pursuant to written instructions from the State, which written instructions shall be delivered to counsel for Dougherty Pharmacy.  Of the State Settlement Amount, Eighteen Thousand Five Hundred Fifty-Seven Dollars and Seventy Cents ($18,557.70) constitutes restitution.

(i) Payment of the State Settlement Amount as set forth in Paragraph II(1)(b) above, shall constitute payment in full of the State's share of direct Medicaid findings and of both the State and Federal share of the Medicaid Managed Care findings.  Said payment shall be made within ten (10) days of the execution of this agreement.

c.  Conditioned upon the State receiving the State Settlement Amount from Dougherty Pharmacy, and as soon as feasible after receipt, the State shall pay to the Relator, by check or electronic transfer, a Relator's share in the amount of Seven Thousand Four Hundred Twenty-Three Dollars and Eight Cents ($7,423.08), which represents twenty percent (20%) of the State Settlement Amount.

d.  Relator's and Dougherty Pharmacy's agreement concerning Relator's claim against Dougherty Pharmacy for reasonable expenses, attorneys' fees and costs under 31 U.S.C. § 3730(d) in connection with the Civil Action is set forth in Paragraph 3 of the Federal Settlement Agreement.

2.  Subject to the exceptions listed in Paragraph II(4) below and conditioned upon full payment of the State Settlement Amount by Dougherty Pharmacy, as set forth in Paragraph II(1) above, the State releases Dougherty Pharmacy and its present and former parents, subsidiaries, affiliates, agents, servants, employees, attorneys, representatives, partners, employers, insurance carriers, officers, directors, assigns, predecessors in interest, and successors in interest (the "Released Entities"), from any civil or administrative monetary claim the State has against Dougherty Pharmacy for the Covered Conduct under the New York False Claims Act, New York State Financial Law § 189, *et seq.*; Executive Law § 63(12); Social Services Law § 145-b; or any other common law or equitable theories of liability, including, but not limited to, overpayment, unjust enrichment, and fraud.

3.  Conditioned upon Dougherty Pharmacy's full payment of the Settlement Amount, Relator, for himself and his heirs, successors, attorneys, agents, and assigns, and other firms, partnerships or corporations with whom Relator has been or is now affiliated (collectively, the "Relator Releasors"), releases (a) Jennifer Caloia; (b) Dougherty Pharmacy, Inc., together with its

predecessors and current and former owners, directors, officers, employees, attorneys and agents; and (c) the transferees, successors and assigns of any of them (collectively, the "Dougherty Pharmacy Releasees"), from any claims that the Relator Releasors have asserted, could have asserted, or may assert in the future against the Dougherty Pharmacy Releasees that refer or relate in any respect to the Covered Conduct or any claims Dougherty Pharmacy submitted to public or private health care programs, including insurance companies, prior to the time period included in the Covered Conduct; provided, however, that nothing in this release shall be deemed to release the Dougherty Pharmacy- Releasees from their obligations under this Agreement or the Sale Agreement, dated February 23, 2015, between Dougherty Pharmacy, Inc., Jennifer Caloia and Christopher Klein, on the one hand, and the Relator, CMV Properties, LLC, a New York limited liability company ("CMV Properties"), and CMV Pharmacy, Inc., a New York corporation ("CMV Pharmacy"), on the other (the "Sale Agreement").

4.   Notwithstanding any terms of this Agreement, the State specifically does not release any person or entity from any of the following liabilities:

a.   any criminal, civil, or administrative liability arising under state revenue codes;

b.   any criminal liability not specifically released by this Agreement;

c.   any civil or administrative liability that any person or entity, including any Released Entities, has or may have to the State or to individual consumers or state program payors under any statute, regulation, or rule not expressly covered by the release in Paragraph II(2) above, including but not limited to any and all of the following claims:  (i) state or federal antitrust violations; and (ii) claims involving unfair and/or deceptive acts and practices and/or violations of consumer protection laws;

d.   any liability to the State for any conduct other than the Covered Conduct;

e.   any liability based upon obligations created by this Agreement;

f.   any administrative liability, including permissive or mandatory exclusions from the State's Medicaid Program;

g.   any liability for expressed or implied warranty claims or other claims for defective or deficient products and services provided by Dougherty Pharmacy;

h.   any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct; or

i.   any liability based upon a failure to deliver goods or services due.

5.   Dougherty Pharmacy waives and shall not assert any defenses it may have to criminal prosecution or administrative action for the Covered Conduct, which defenses may be based in whole or in part upon a contention under the Double Jeopardy Clause of the Fifth Amendment of the Constitution or the Excessive Fines Clause of the Eighth Amendment of the Constitution and assents that this Agreement bars a remedy sought in such criminal prosecution or administrative action.

6.   In consideration of the obligations of the State set forth in this Agreement, Dougherty Pharmacy waives and discharges the State, its agencies, political subdivisions, employees, servants, and agents, from any causes of action (including attorneys' fees, costs, and expenses of every kind and however denominated) which Dougherty Pharmacy has asserted, could have asserted, or may assert in the future, against the State, its agencies, political subdivisions, employees, servants, and agents, arising from the State's investigation and prosecution of the Covered Conduct.

7.   The amount that Dougherty Pharmacy must pay to the State pursuant to Paragraph II(1) above will not be decreased as a result of the denial of claims for payment now being withheld

from payment by the State Medicaid Program, or any other state payors, for the Covered Conduct, and Dougherty Pharmacy agrees not to resubmit to the State Medicaid Program, or any other state payors, any previously denied claims, which denials were based upon the Covered Conduct, and agree not to appeal or cause the appeal of any such denials of claims.

8.   Dougherty Pharmacy shall not seek payment for any claims for reimbursement to the State Medicaid Program covered by this Agreement from any healthcare beneficiaries or their parents, sponsors, legally responsible individuals, or third-party payors.

9.   Dougherty Pharmacy agrees that all costs incurred by or on behalf of Dougherty Pharmacy and any associated person or entity in connection with:  (a) the investigation conducted by MFCU; (b) Dougherty Pharmacy's investigation and defense of this matter (including attorneys' fees and expenses); (c) the negotiation and performance of this Agreement; and (d) payment pursuant to this Agreement, are unallowable costs on government contracts and under the Medicaid Program.  Dougherty Pharmacy will not charge such unallowable costs directly or indirectly to the Medicaid Program, or seek payment for such unallowable costs through any cost report, cost statement, information statement, or payment request submitted by any Medicaid provider to the Medicaid Program.  Dougherty Pharmacy further agrees that within ninety (90) days of the effective date of this Agreement, as defined in Paragraph II(19) below, they will identify to Medicaid fiscal agents any unallowable costs included in payments previously sought from the Medicaid Program, including but not limited to payments sought in any cost reports, cost statement, information reports, or payment requests already submitted by Dougherty Pharmacy, and Dougherty Pharmacy will request and agree that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of those unallowable costs.  Dougherty Pharmacy agrees that the State, at a minimum,

will be entitled to recoup from Dougherty Pharmacy any overpayment, plus applicable interest and penalties accrued as a result of the inclusion of such unallowable costs, on previously submitted cost reports, cost statements, information reports, or payment requests.

10.   Dougherty Pharmacy expressly warrants that it has reviewed its financial condition and that it is currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(B)(ii)(I) and shall remain solvent following payment of the Settlement Amount and compliance with this Agreement.

11.   The Parties each represent that this Agreement is entered into freely and voluntarily, without any degree of duress or compulsion whatsoever.

12.   Except as expressly provided to the contrary in this Agreement, each party to this Agreement shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

13.   Except as otherwise stated in this Agreement, this Agreement is intended to be for the benefit of the Parties only, and by this instrument the Parties do not release any liability against any other person or entity.

14.   This Agreement is governed by the laws of the United States.  The exclusive jurisdictions and venues for any dispute relating to this Agreement are the United States District Court for the Northern District of New York, or such other federal district court to which this action may be transferred.

15.   Dougherty Pharmacy agrees not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any finding in this Agreement, or creating the impression that this Agreement is without factual basis.  Nothing in this paragraph affects

Dougherty Pharmacy's:  (a) testimonial obligations, or (b) right to take legal or factual positions in defense of litigation or other legal proceedings to which the State is not a party.

16.    Any and all notices or communications in connection with this Agreement shall be in writing, sent by first-class mail, postage prepaid, to the Parties as follows:

> To the State:            Office of the Attorney General
>                          Medicaid Fraud Control Unit
>                          300 South State Street, Suite 350
>                          Syracuse, NY  13202
>
> To Counsel for Dougherty Pharmacy:
>
>                          J. David Reich, Esq.
>                          Reich and Paolella, LLP
>                          111 Broadway, Suite 2002
>                          New York, NY  10006

17.    This Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

18.    The undersigned signatories for Dougherty Pharmacy represent and warrant that they are authorized as a result of appropriate corporate action to execute this Agreement.  The undersigned signatories for the State represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement on behalf of the State through their respective agencies and departments.

19.    The effective date of this Agreement shall be the date of the signature of the last signatory to this Agreement.  Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

20.    This Agreement shall be binding upon all successors, transferees, heirs, and assigns of the Parties.

21.    This Agreement constitutes the complete agreement between the Parties with respect to this matter and shall not be amended except by written consent of the Parties.

22.    This Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same Agreement.


*(This space has been left blank intentionally.)*

**STATE OF NEW YORK**
*Attorney General Letitia James*

By: _____      Dated: 9/30/2020
     Paul R. Berry
     Special Assistant Attorney General
     Office of the Attorney General
     Medicaid Fraud Control Unit

**DOUGHERTY PHARMACY, Inc., and JENNIFER CALOIA**

By: _____      Dated: _____
     Jennifer Caloia, individually and as owner of
     Dougherty Pharmacy, Inc.

*Approved as to Form*

By: _____      Dated: _____
     J. David Reich, Esq.
     Reich & Paolella LLP
     *Counsel for Dougherty Pharmacy, Inc. and Jennifer Caloia*

**COLIN VALENTA**

By: _____      Dated: _____
     Colin Valenta

*Approved as to Form*

By: _____      Dated: _____
     Benjamin W. Hill, Esq.
     Law Office of Benjamin W. Hill PLLC
     *Counsel for Relator*

**STATE OF NEW YORK**
*Attorney General Letitia James*

By: _____   Dated: _____
Paul R. Berry
Special Assistant Attorney General
Office of the Attorney General
Medicaid Fraud Control Unit


**DOUGHERTY PHARMACY, Inc., and JENNIFER CALOIA**

By: *Jenny Caloia* _____   Dated: *9/30/2020*
Jennifer Caloia, individually and as owner of
Dougherty Pharmacy, Inc.


*Approved as to Form*

By: *A David Reich* _____   Dated: *9/30/2020*
Y. David Reich, Esq.
Reich & Paolella LLP
*Counsel for Dougherty Pharmacy, Inc. and Jennifer Caloia*


**COLIN VALENTA**

By: _____   Dated: _____
Colin Valenta


*Approved as to Form*

By: _____   Dated: _____
Benjamin W. Hill, Esq.
Law Office of Benjamin W. Hill PLLC
*Counsel for Relator*

**STATE OF NEW YORK**
*Attorney General Letitia James*

By: _____     Dated: _____

    Paul R. Berry
    Special Assistant Attorney General
    Office of the Attorney General
    Medicaid Fraud Control Unit

**DOUGHERTY PHARMACY, Inc., and JENNIFER CALOIA**

By: _____     Dated: _____

    Jennifer Caloia, individually and as owner of
    Dougherty Pharmacy, Inc.

*Approved as to Form*

By: _____     Dated: _____

    J. David Reich, Esq.
    Reich & Paolella LLP
    *Counsel for Dougherty Pharmacy, Inc. and Jennifer Caloia*

**COLIN VALENTA**

By: _____     Dated: 10/1/2020

    Colin Valenta

*Approved as to Form*

By: _____     Dated: ___10/1/2020

    Benjamin W. Hill, Esq.
    Law Office of Benjamin W. Hill PLLC
    *Counsel for Relator*

State of New York     )ss.:
County of _____ )ss:

On this _____ day of September, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared *Colin Valenta*, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

State of New York     )
County of Onondaga   ) ss:

On the _30th_ day of September, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared *Jennifer Caloia*, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity as *sole owner of Dougherty Pharmacy, Inc.*, and that by her signature on the instrument, the individual *and* the entity upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

PARUL PATEL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PA6350018
Qualified in Onondaga County
My Commission Expires 10-31-2022

State of New York        )ss.:
County of Broome    )ss:

On this _____ day of ~~September~~ October, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared *Colin Valenta,* personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

SHANNON L. SOULES
Notary Public - State of New York
No. 01SO6352056
Qualified in Delaware County
Commission Expires December 19, 2020

NOTARY PUBLIC

State of New York        )
County of Onondaga    ) ss:

On the _____ day of September, 2020, before me, the undersigned, a Notary Public in and for said State, personally appeared *Jennifer Caloia*, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity as *sole owner of Dougherty Pharmacy, Inc.,* and that by her signature on the instrument, the individual *and* the entity upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC